# THOMAS E. NORTH

*v.*

# HENRY F. CAMPBELL *et al.*

1. DRAFT—*liability of the drawer when he appropriates the fund drawn upon.* An intestate, in his lifetime, caused his agent to draw a draft against funds which he had provided for the purpose of meeting such draft, and afterwards, having occasion to use such funds for other purposes, induced the holder of the draft not to present it for payment, and then appropriated all the funds in the hands of the drawee: *Held,* that this was an appropriation of the money of the holder to the amount of the draft, and that the holder was entitled to recover against his estate the amount of the draft, with legal interest from the time the money was appropriated by the intestate.

2. In such a case, the recovery is not upon the draft, but for money of the claimant had and received and appropriated to his own use by the intestate, which, in equity and good conscience, his estate ought to repay.

APPEAL from the Circuit Court of Jackson county; the Hon. MONROE C. CRAWFORD, Judge, presiding.

Mr. L. P. BUTLER, and Mr. ANDREW D. DUFF, for the appellant.

Mr. D. H. BRUSH, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This case originated in the county court of Jackson county, on the probate side thereof, it being the presentation of a claim by Thomas E. North against the estate of James M. Campbell, deceased, which was resisted by his administrators, and disallowed by the court. On appeal by claimant to the circuit court, the cause was there heard by the court sitting as a jury, resulting in a finding for the defendant.

A bill of exceptions was duly taken by the claimant, and the record brought here by appeal, and we are called upon to determine what liability, if any, exists against the estate of James M. Campbell, in favor of appellant, from the facts disclosed.

The action itself is of an equitable character, as this court has often held, and may be likened to an action for money had and received by the intestate in his lifetime, which, when appropriated by him, was the property of appellant.

The facts, as we understand them from the bill of exceptions, substantially show that the intestate and appellant had purchased the stock of goods of Hindman & Spiller, merchants in Carbondale, the intestate two-thirds thereof, in payment for which he caused Samuel E. North to draw drafts of one thousand dollars each, on Bryant, Watts & Co., of the city of New York, which were accepted by Hindman & Spiller, one of which was indorsed by them in blank, and came to the hands and possession of appellant. For the third interest in these goods which appellant purchased, he paid out of his own funds. We are to infer, as there is nothing in the record hostile to the inference, that these drafts so drawn performed the functions of money, and were drawn on an existing and responsible party. Indeed, it is proved that all drafts of this kind, and previously drawn as this was, were promptly paid by the drawees, and the presumption is reasonable this one would have been paid to the appellant, the legal holder, had it been presented. There was, in the hands of these drawees, belonging to appellant, the amount of this draft, one thousand dollars, which was his property, or could have become so, had he presented the draft in time. This is undeniable.

Why did not appellant appropriate these funds? The answer is found in the testimony of S. E. North. He was requested by Mr. Campbell not to do so, as he, the person who had created the fund in New York, for a different purpose, had, unexpectedly, occasion to resort to it, by using the money for his own purposes, and made a special application to appellant to withhold the presentation of the draft. This, appellant did, and by doing which, it is evident he has lost the amount of it, together with use. No fraud is intimated, of any character, against any of these parties, and we must believe, in the absence of any such imputation, that the draft was paid out to Hindman & Spiller in good faith, for an honest purpose, and as

money, and that it did, in the course of business, come into the possession of appellant as his own. We do not understand the law to be, that the holder of negotiable, indorsed paper is, ordinarily, required to show how he came by the paper.

As the case appears to us, the intestate, James M. Campbell, virtually appropriated to his own use one thousand dollars, the money of appellant.

This proceeding is not upon the draft, or an attempt to make the estate of Campbell liable upon the draft—no such thing. The liability of the estate to appellant grows out of the fact that, at the request of, and to promote the interests and views of the intestate, and to relieve him from financial embarrassment, appellant sacrificed one thousand dollars. This the estate of Campbell, in equity and good conscience, ought to repay, with legal interest thereon from the time Campbell appropriated it.

The judgment of the circuit court is reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Judgment reversed.*